```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

United States of America,      :

      Plaintiff,          :

   v.                          :     Case No. 2:08-cr-089(4)

Tyrone Watson,                 :     JUDGE GRAHAM

      Defendant.          :

### DETENTION ORDER

The Court held a detention hearing in this case on July 28, 2008.  After considering a proffer by defendant's counsel and hearing argument, the Court detained the defendant without bond.  The reasons for that action are set forth below.

Defendant was indicted and charged with conspiring, between October 2 and October 5, 2006, to distribute more than 50 grams of crack cocaine, and with two counts of distributing more than five grams of crack cocaine.  The indictment demonstrates probable cause to believe that the defendant committed the offense.  The charge carries with it a presumption of detention, explained as follows.

<u>Legal Standard Applicable</u>. The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses and certain firearm offenses.  That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer

> finds that there is probable cause to
> believe that the person committed an
> offense for which a maximum term of
> imprisonment of ten years or more is
> prescribed in the Controlled Substances
> Act (2l U.S.C. 801 et seq)...[or] an
> offense under section 924(c)...of this
> title...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

 The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in United States v. Jessup, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties

-2-

outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance.  <u>United States v. Dominquez</u>, 783 F.2d 702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

The Pretrial Services report contains little positive information about the defendant.  Although he has long ties to the Columbus area and has been living with his mother for two years (and she is willing for him to continue residing with her), he has had only sporadic employment during that time.  For five years before, he was in prison.  He has a very lengthy criminal record dating back to 1994, which includes multiple felony convictions, many of which were drug related.  He also has a prior weapons conviction.  In 2001, he received a five-year sentence for drug trafficking.  In 2006, he began serving a five-

year term of parole.  He was on parole at the time of the instant offenses.  The commission of serious federal drug felonies while on state parole for a drug felony shows an unwillingness to abide by release conditions or to take court supervision seriously.  In the Court's view, the defendant simply did not rebut the presumption present in this case that he is both a danger to the community and a risk of flight.  For all of these reasons, the Court detained the defendant without bond pending trial.

    The defendant was advised of his right to seek review of this order by a United States District Judge under 18 U.S.C. §3145(b).

                                       /s/ Terence P. Kemp
                                       United States Magistrate Judge